IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| MANVESTER EVANS, III, | |
| Petitioner, | CIVIL ACTION NO.: 6:20-cv-121 |
| v. | |
| WARDEN TIMOTHY BROWN, | |
| Respondent. | |

### REPORT AND RECOMMENDATION

This matter comes before the Court on Petitioner Manvester Evans' ("Evans") 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus.  Doc. 1.  For the following reasons, I **RECOMMEND** the Court **DISMISS** Evans' 28 U.S.C. § 2254 Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Evans leave to appeal *in forma pauperis* and a Certificate of Appealability.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . .  To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted).  A magistrate judge's Report and Recommendation provides such notice and opportunity to respond.  See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed).  This Report and Recommendation constitutes fair notice to Evans his suit is due to be dismissed.  As indicated below, Evans will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

## DISCUSSION

On December 18, 2020, Evans filed his 28 U.S.C. § 2254 Petition, contesting his Toombs County, Georgia conviction and life sentence. Doc. 1. Evans later submitted a letter and asked the Court to place his § 2254 Petition in abeyance until the Eleventh Circuit Court of Appeals rules on his motion for leave to file a second or successive petition. Doc. 3. For the reasons set forth below, the Court should decline to do so.

**I.     Whether Evans Is Barred From Bringing His Petition**

Before a second or successive application is filed in a district court, the applicant "<u>shall</u> move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis supplied). The "phrase "second or successive' . . . refers to a second or successive petition challenging the same state-court judgment." <u>Romero v. Ford</u>, 735 F. App'x 696, 696 (11th Cir. 2018). This "gatekeeping" requirement transfers a second or successive application from the district court to the court of appeals, pursuant to 28 U.S.C. §1631, as a motion for authorization to proceed in district court. <u>See</u> <u>Felker v. Turpin</u>, 518 U.S. 651, 664 (1996). "If applicable, section 1631 authorizes a transfer that is in the interest of justice." <u>Guenther v. Holt</u>, 173 F.3d 1328, 1330–31 (11th Cir. 1999). However, a transfer may not be authorized in certain instances, as set forth in 28 U.S.C. § 2244(b). This section provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed, unless:
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

>   (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

Unless and until the Eleventh Circuit authorizes Evans to file a second or successive § 2254 petition, this Court should not "hold" the instant Petition, as Evans requests. The instant Petition represents Evans' third challenge to his Toombs County conviction, and this Court has already dismissed one § 2254 as a second or successive petition. R. & R. and Ord., Evans v. Hart, 6:09-cv-88 (S.D. Ga. May 5 and June 18, 2010), ECF Nos. 16, 18 (citing Evans v. Nelson, 6:07-cv-55, which this Court dismissed as untimely). Although it does not appear Evans raised the exact issues in this Petition in his previous petitions, Evans did not move the Eleventh Circuit Court of Appeals for an order authorizing this Court to entertain his second or successive petition prior to filing this Petition, § 2244(b)(3), and this Court is "not at liberty to consider it." Smalls v. St. Lawrence, No. CV412-058, 2012 WL 1119766, at *1 (S.D. Ga. Feb. 27, 2012). Additionally, it is not permissible for this Court to transfer this petition to the Court of Appeals, as Evans' Petition may be barred under the gatekeeping provision of § 2244(b)(3)(B). At this point, Evans' Petition represents an unauthorized second or successive § 2254 petition. Doc. 3. For these reasons, the Court should **DISMISS** Evans' Petition.

II.    **Leave to Appeal *in Forma Pauperis* and Certificate of Appealability**

The Court should also deny Evans leave to appeal *in forma pauperis* and deny him a Certificate of Appealability. Though Evans has not yet filed a notice of appeal, it would be

appropriate to address these issues in the Court's order of dismissal.  Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant."  See also Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding in forma pauperis is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'"  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001); Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued.  A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right.  The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  In order to obtain a Certificate of Appealability, a petitioner must

show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Evans' failure to obtain permission to file a second or successive § 2254 petition and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** Evans in forma pauperis status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS** Evans' 28 U.S.C. § 2254 Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Evans leave to appeal in forma pauperis and a Certificate of Appealability.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual

findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 16th day of March, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA